```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VERONICA ABBOTT,

                    Plaintiff,              10-CV-6066

        v.                                  **DECISION**
                                            **and ORDER**
THE LAW OFFICES OF FORSTER & GARBUS

              Defendants.
_____
```

Plaintiff, Veronica Abbott ("Plaintiff"), brought this case pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendant, Forster & Garbus ("Defendant"). Judgment was issued in Plaintiff's favor in the amount of $1001.00 plus reasonable costs and attorney's fees. Plaintiff now files this petition to recover reasonable attorney's fees and costs pursuant to the judgment and the FDCPA. Defendant does not oppose the granting of attorney's fees and costs, as it is mandated by the statute, but argues that the fees requested are unreasonable. This Court hereby grants plaintiff's request for attorney's fees and costs, but modifies the amount requested for the reasons stated below.

An award of reasonable attorney's fees and costs is mandatory under the FDCPA once a violation of the statute has been found. 15 U.S.C. § 1692k(a)(3); See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989). In this case, the parties agreed to a judgment in Plaintiff's favor, and therefore, an award of reasonable attorney's fees and costs is permitted. However,

this Court is required to determine a reasonable amount of attorney's fees and costs to award Plaintiff. See Miller v. Midpoint Resolution Group, LLC, et al., 608 F.Supp.2d 389, 394 (W.D.N.Y. 2009)(citing French v. Corporate Receivables, Inc., 489 F.3d 402, 404 (1st Cir. 2007) (holding that the mandatory award of fees does not mean that a plaintiff is entitled to the amount of fees requested).

The reasonableness of attorney's fees is determined using a two step approach. Courts initially apply the lodestar method, multiplying the reasonable number of hours spent by the attorneys and paralegals working on the case by the reasonable hourly rate for each. See Cole v. Truelogic Financial Corp., 2009 WL 261428 (W.D.N.Y. 2009). The reasonable hourly rate is determined by comparing the fees requested by attorneys of similar skill performing similar work in this District. See Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). The Court is then required to determine if the fees requested are reasonable in light of the amount of damages awarded. Id.

In this case, Plaintiff requests attorney's fees of $4528.50 and costs of $416.61 for filing, service and copying fees. The attorney's fees requested represent the work of three attorney's as well as paralegals and law clerks. Peter Cozmyk requests a fee of $2,484.00 for 9.2 hours of work ($270/hour), Adam Hill requests a fee of $360.00 for 1.6 hours of work ($225/hour) and Jamie Cantwell requests a fee of $472.50 for 2.1 hours of work ($225/hour).

Cozmyk is in his fifth year of practice at Krohn & Moss, Ltd, while Hill and Cantwell are in their third year of legal practice. Plaintiff also requests for $1,212.00 for 10.1 hours of work performed by unnamed paralegals or law clerks ($125/hour).

This District has previously held that fees of $200-$215 for partners, $150 for associates and $80 for paralegals or law clerks are reasonable in cases brought under the FDCPA. See Berry v. National Financial Systems, Inc., 2009 WL 2843260 (W.D.N.Y. 2009) (citing Fontana v. C. Barry & Assocs., LLC, 2007 WL 2580490 (W.D.N.Y. 2007)); See also Miller 608 F.Supp at 395; Barrows v.Tri-Financial, 2009 WL 3672069 (W.D.N.Y. 2009) (reducing fees of attorney's at Krohn & Moss in an FDCPA action). This Court finds that a fee of $270 for a fifth year associate and a fee of $225 for a third year associate are not reasonable under the circumstances. Likewise, requesting $125 per hour for a paralegal or a law clerk is not in line with what this District has held is reasonable.

Much of the substantive work in this case appears to have been performed by paralegals who spent 10.1 hours of time on the case collectively. Comparatively, Hill and Cantell together spent 3.7 hours of time and Cozmyk spent 4.7 hours. While Cozmyk is seeking fees for 9.2 hours of work, 4.5 hours of that time were dedicated to preparing this motion for attorney's fees. An award of $270 per hour to an attorney for work that does not benefit the Plaintiff, but benefits the attorney, does not justify the amount requested, as it simply requires a review of the hours spent in preparing the

application, which is essentially a ministerial function.  However, because of the successful result which benefits the Plaintiff, this Court has determined that a higher hourly rate than is typical for associates in this District is appropriate.

Therefore, this Court finds that following fees are reasonable in this case: (1) $1580.00 for 7.9[1] hours of work performed by Peter Cozmyk ($200/hour); (2) $288 for 1.6 hours of work performed by Adam Hill ($180/hour); (3) $378 for 2.1 hours of work performed by Cantwell ($180/hour); and (4) $808 for 10.1 hours of work performed by paralegals and law clerks ($80/hour).  This Court also finds that Plaintiff is entitled to $416.61 for costs, which represents a $350.00 filing fee, $55.00 service fee and $11.61 in copying fees.  Plaintiff is therefore awarded $3054.00 in attorney's fees and $416.61 in costs.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          November 19, 2010

---

[1] This Court has subtracted 1.3 hours from Cozmyk's total time spent on this litigation, as it was spent preparing time charts and spreadsheets for this motion, tasks for which a reasonable person would not expect an attorney to charge $270 hourly fee, when the Plaintiff's recovery is $1001.